People ex rel. Seymour *v.* Canal Board.

THE PEOPLE ex rel. CHARLES SEYMOUR, Respondent, *v.* THE CANAL BOARD, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1872.)

The direction of the statute (chapter 352 of 1849, § 4), that whenever the canal board shall, upon the hearing of any appeal from the award of the canal appraisers, reverse or modify such award, they shall state in the resolution or order relating to such appeal the grounds of such reversal or modification ; and how much, if any, such award is increased or diminished is not merely directory but positive and peremptory, and a compliance with it is essential to the validity of any decision of the board in such case.

If the resolution or order is not in compliance with these provisions, it will be set aside upon *certiorari*.

And this will be done, notwithstanding the decision of the board is made, by the statute, final and conclusive.

The fact that, after the issuing of the writ, the board rescinded the resolution by which their decision was made, can have no effect upon the relator's right to a judicial construction of the act complained of.

Nor can the court, in a case where the decision is made by statute final and conclusive, look into the merits, or render judgment on the award.

In such case, the power of the court is confined to the question whether the tribunal had jurisdiction to perform the act complained of, and in its performance has kept within the powers given it by law.

CERTIORARI to the canal board. The facts are stated in the opinion.

*L. Seymour*, for the relator.

*F. C. Barlow*, attorney-general, for the defendant.

PARKER, J.    This is a common-law certiorari to review the proceedings of the canal board in regard to an award of canal damages to the relator.

The relator claimed to be the owner of a farm in the town of Vestal, in the county of Broome, through which the Chenango canal extension is constructed.    For the damage caused him. thereby he filed a claim in the office of the canal appraisers, amounting, in the aggregate, to $4,772.50.    The appraisers made an award, giving the relator damages to the amount of $4,046.43.

The canal commissioner in charge appealed to the canal board from the decision of the appraisers, and the hearing was had February 28, 1871; the canal board deciding the appeal by adopting the following resolution:

"*Resolved,* That the award in this case be modified by reducing the same to the sum of $3,019.92; and, as so modified, that the same be affirmed."

No statement was made in this, or any other resolution or order, of the grounds of such modification, or how much the award of the appraisers was diminished, as required by section 4 of chapter 352 of the Laws of 1849.

That section is as follows: "Whenever the canal board shall, upon the hearing of any appeal from the award of the canal appraisers, reverse or modify such award, *they shall state,* in the resolution or order relating to said appeal, *the grounds* of such reversal or modification, and *how much,* if any, such award is *increased* or *diminished.*"

This direction of the statute, as the Court of Appeals holds, in *The People* v. *Gardner* (24 N. Y. R., 583, 585), is not merely directory, but positive and peremptory; and a compliance with it essential to the validity of any decision of the board in such case.

The decision of the board, then, in the case at bar, was wholly invalid and void; and the relator had the right to have it set aside.

With this view he applied for and obtained the present writ; and although the determination sought to be set aside

was void, yet a certiorari is a proper remedy, and allowable in such a case. " For this there would be no strict necessity, because the judgment [decision] might be regarded as a nullity, and impeached collaterally; still this court would perform what is the main office of a certiorari—the keeping of inferior magistrates within the compass of their power" (*The People* v. *The Judges of Suffolk*, 24 Wend., 253); and this will be done even in cases where the decision of the inferior tribunal is made by statute, as in this case, *final and conclusive.* (*Lawton* v. *Commissioners of Cambridge*, 2 Caines R., 179, 182; *Leroy* v. *Mayor, &c., of New York*, 20 John., 430.) In the former of these two cases the court say: " It is a position beyond contradiction that the King's Bench, in England (and this court is clothed with the same common-law authority), has jurisdiction and may award a *certiorari*, not only to inferior courts but to persons invested by the legislature with power to decide on the property rights of the citizen, even in cases where they are authorized by statute finally to hear and determine;" and, in the latter case, Judge Woodworth adopted the above language from the former case, and added: " This [supervisory] power will be exercised when the duty to be performed and the *manner of executing it* is clearly pointed out by law, and there shall appear to have been an essential departure from it."

The fact that, since the issuing of the writ, the canal board, recognizing the invalidity of the decision, has rescinded the resolution by which it was made, can have no effect upon the relator's rights in the premises. He has the same right to a judicial construction of the act complained of as before.

The result is that the determination of the canal board, modifying the award of the appraisers, must be reversed and wholly set aside as null and void.

This conclusion cannot be avoided, as defendant's counsel seeks to do, by showing that, under the evidence sent up by the appraisers upon the appeal to the canal board, the latter might well have held that the relator was entitled to no damages. Inasmuch as the decision is void, because the

People ex rel. Seymour *v.* Canal Board.

canal board, in their resolution deciding the case, stated no reasons, it cannot be cured and rendered valid by reasons supplied by this court, showing the conclusion right. Indeed, in such a case, where the decision of the inferior tribunal is made final and conclusive, this court is confined, I think, in the exercise of its supervising power, to the inquiry whether such tribunal had jurisdiction to perform the act complained of, and, in its performance, has kept within the powers given it by law. In cases of this kind, the office of a *certiorari* has not been enlarged by modern decisions.

In *The People* v. *The Board of Police* (39 N. Y. R., 506), in which the learned judge who gave the opinion of the court said, " I cannot resist the belief that a disposition has been manifested to limit the office of this most useful writ within too narrow limits," there is no intimation that, in the class of cases to which this belongs, the office of the writ, as formerly held, was confined within too narrow limits ; but, on the contrary, in regard to such cases, the former rule was recognized and adhered to. He specifies three classes of cases :

" 1. A *certiorari*, at the common law, brought to review the *summary* conviction of a person charged with a crime or offence, where a *certiorari* and not a writ of error is the process by which a review is to be sought." The case then before the court was of that character.

" 2. A common-law *certiorari* brought to review *other* proceedings of inferior tribunals, magistrates, boards of officers under a special or limited jurisdiction." Such is the case at bar.

" 3. A *certiorari* prescribed or authorized by *statute* for the review of proceedings in certain cases."

" As to the last," he says, " it has been in later years held that errors, not jurisdictional, may, under the *provisions of the statutes*, be made the ground of reversal."

As to the second, the decisions in this State, thus far referred to, seem to hold, with much uniformity, that none but jurisdictional questions can be considered.

And as to the first, it seems to have been conceded "that, in England, a conviction brought up by *certiorari* would be examined substantially as upon a bill of exceptions; and, in the case cited, no doubt is expressed that the writ here would raise the same questions."

The case then before the court was upon a *certiorari* to the board of police, to bring up for review the proceedings of that board, by which the relator, a member of the police force, had been fined upon a charge of neglect of duty, and the learned judge says: "I conclude, therefore, that, in the case before us [a case in his first class], the Supreme Court had power—and that, on this appeal, this court has power—to examine the case upon the whole evidence, to see whether, as a matter of law, there was any proof which could warrant a conviction of the relator of the charge of neglect of duty, &c."

This is no decision weakening the force of former decisions in regard to the office of a *certiorari* in cases like the present. Indeed, in the case at bar, there is the additional ground for restricting the operation of the writ to jurisdictional questions that the statute has intrusted the canal board with the power (when proceeding within the mode prescribed by the statute) to make a decision which shall be final and conclusive.

As we cannot, then, as the defendant asks us to do, look into the merits to sustain the decision, so neither can we, as the relator asks us to do, decide the questions brought up from the appraisers by the appeal to the canal board, and render judgment on the award.

The decision of the canal board, modifying the award of the appraisers, must, therefore, as already stated, be reversed and set aside as null and void, but without costs.

POTTER and DANIELS, JJ., concur.

Decision reversed.