# THE PEOPLE OF THE STATE OF NEW YORK EX REL. MARCIA E. PECK v. THE CANAL BOARD OF THE STATE OF NEW YORK.

*Certiorari — the court can only consider jurisdictional questions in reviewing proceedings before the canal board — form of the latter's decision — effect of, on an application for a rehearing —* 1829, *chap.* 368; 1868, *chap.* 579.

In reviewing upon a *certiorari* the decision of the canal board, made upon an appeal from a decision of the canal appraisers, the court can only inquire whether those bodies have kept within the limits of the jurisdiction given them by law. It cannot consider the merits or any alleged irregularities, not jurisdictional, occurring in the proceedings.

The addition of the words "appeal dismissed," to a decision of the canal board affirming a decision of the canal appraisers, does not destroy or impair the right of the claimant to apply for a rehearing under the law.

CERTIORARI to review a decision of the canal board affirming an award made by the canal appraisers.

*Edwin S. Butterfield*, for the relator.

*Leslie W. Russell*, for the respondent.

BY THE COURT:

The claim of the relator was presented to the canal auditors for damages alleged to have been caused by the officers of the State in opening the gates of an aqueduct to save the banks of the canal. It was one of the ordinary cases which by provision of statute may be heard by the canal appraisers. It was heard by the canal appraisers and they refused to award anything to the relator, holding that no legal liability was proved against the State and that the damages complained of were not caused by any negligence on the part of the State.

The relator thereupon appealed to the canal board, by which body the award of the canal appraisers was affirmed and the appeal dismissed.

Upon the application of the relator a writ of *certiorari* has been allowed to bring up for review the decision of the canal board, and it is now claimed this court has the right and it is its duty to examine the case upon its merits, and to reverse the decision of the appraisers as well as the canal board if any error is discovered in the proceedings.

The position of the relator cannot be sustained. The State may not be sued or brought into court by a claimant except in pursuance of such permissive laws as the State through its legislature has passed. (*People* v. *Dennison*, 84 N. Y., 272, 281.) It has provided that the class of claims, of which relator's is one, may be presented to and passed upon by the board of canal appraisers. If the claimant is not satisfied with the decision of that board an appeal may be taken to the canal board. (Chap. 368, Laws of 1829; chap. 579, Laws of 1868.) By the provisions of such laws the decision of the canal board shall be final and conclusive; that is a limitation of the right of a claimant to pursue his remedy against the State if the respective boards have kept within their jurisdiction. (*People ex rel. Seymour* v. *Canal Board*, 7 Lans., 220; *People ex rel. Benedict* v. *Dennison*, 28 Hun, 328.)

We have the right to inquire whether these boards have kept within the jurisdiction given them by law, but we cannot consider the merits or any alleged irregularities not jurisdictional occurring in the proceedings. Nothing is shown from which we can say that the respective boards did not have at all times competent jurisdiction to investigate the subject-matter, to make the awards and decisions in the present case.

The dismissal of the appeal by the canal board, after affirming the award of the auditors, in no respect destroyed or impaired the relator's right to apply for a rehearing under the law. The affirmance of the award was in legal effect a dismissal of the appeal whether so stated or not, but the canal board still retained the power in a proper case to grant a rehearing. The affirmance of the award as a decision would be just as effectual to prevent a rehearing as the added words, "appeal dismissed." Neither of them prevents the exercise of the power given the board.

The writ of *certiorari* must be dismissed with fifty dollars costs and disbursements against the relator, under section 2143 of the Code of Civil Procedure.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Writ dismissed, with fifty dollars costs against relator, under section 2143, Code of Civil Procedure.