THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN SCRAFFORD, SARAH SCRAFFORD and REUBEN FRASER, v. WHEELER STEDMAN, JAMES HOLMES and ARTHUR P. BODLE, as COMMISSIONERS OF HIGHWAYS OF THE TOWN OF OWEGO.

*Irregularities in laying out a highway — when reviewable by certiorari — waiver.*

Upon a return to a writ of *certiorari* directed to the commissioners of highways of the town of Owego, Tioga county, to review an order laying out a highway in said town, it appeared that one Holder had presented a written petition to the commissioners for the laying out of such highway; that no notice was given by the petitioner to the commissioners of the time and place of drawing the jury, which drawing took place on December 4, 1888, by the town clerk, and that a summons was issued by a justice of the peace, directed to the constable, requiring him to summon the jurors so drawn.

It also appeared that no notices were posted stating the time and place of the meeting of the jury, nor was any notice given to the owners and occupants of the land through which the proposed road was to be laid out of the meeting of the jury; that the jury met and certified as to the necessity of a road, and thereafter the commissioners made a map laying out a highway upon a route other than that described in the petition and than that designated by the jury, of which proposed action of the commissioners no notice was given to the owners or occupants of the premises.

Objection was made to the writ of *certiorari*, and an application was made that it be quashed for the alleged reason that the relator had the right to appeal from the order of the commissioners of highways laying out the road.

*Held,* that the writ of *certiorari* was properly granted, as the proceedings leading up to the order of the commissioners, and the determination evidenced thereby, could not " be adequately reviewed by an appeal to a court or to some other body or officer."

That the fact that an attorney appeared upon the drawing of the jurors and made before them an argument against the opening of the road, in the absence of evidence of any authority on his part to represent the owners of the land taken for the highway, did not constitute a waiver of the defects in the proceeding.

Certiorari issued under an order of the Supreme Court made at a Special Term thereof, held in the county of Chemung, directing that a writ of *certiorari* issue, directed to Wheeler Stedman and others, commissioners of the town of Owego, New York, commanding them to certify and return the proceedings and decisions described in the matter of the laying out of a road described in the petition in this matter.

The object of the *certiorari* was to review an order made by said commissioners January 14, 1889, laying out a highway in said town on the application of John F. Holden, through the lands owned and occupied by John Scrafford, Sarah Scrafford, Mary A. Scrafford and others. November 24, 1888, John F. Holden presented a written petition to the commissioners of highways of the town of Owego to lay out a highway through the lands of John Scrafford, Sarah Scrafford and others. No notice was given by the petitioner to the commissioners of the time and place of drawing the jury. The jury was drawn on the 4th of December, 1888, by the town clerk, and a summons was issued by a justice of the peace directed to a constable, requiring him to summon the jurors so drawn. It appears, affirmatively, that no notices were posted stating the time and place of the meeting of the jury, nor was any notice given to the owners and occupants of the land through which the proposed road was to be laid out of the meeting of the jury. December 15, 1888, the jury met and certified to the necessity of the road. After viewing the premises they refused, however, to sign a certificate that the road was necessary or proper in the place and upon the route mentioned in the petition; but finally, upon certain representations being made to them by the commissioners to the effect that the road should not be laid out in the place described in the petition, and that the commissioners would lay out the road south-west of the place described in the petition, they signed and delivered their certificate. Thereafter, on January 14, 1889, the commissioners made an order laying out a highway through the lands of John Scrafford, Sarah Scrafford and Mary Scrafford and others, but at a place other than that described in the

petition, and other than the place certified and recommended by the jury, and at a point northerly from the place described in the petition. No notice was given to the owners or occupants of the premises of the meeting of the commissioners on January fourteenth, and only two commissioners signed the order. Notice given of the meeting of the commissioners to decide upon the application was given for January 12, 1889. The relators, questioning the jurisdiction of the commissioners, and complaining of the irregularities in their proceedings, applied to a Special Term and obtained a writ of *certiorari.*

*C. A. & H. A. Clark,* for the relators.

*D. T. Easton,* for the commissioners.

HARDIN, P. J.:

Defendants contend that the writ of *certiorari* should be quashed because the relators had the right to appeal from the order of the commissioners of highways laying out the road. Attention is called to the provisions of section 2122 of the Code of Civil Procedure. That section provides as follows : " Except as otherwise expressly prescribed by a statute, a writ of *certiorari* cannot be issued in either of the following cases : * * * Subdivision 2. Where the determination can be adequately reviewed by an appeal to a court or to some other body or officer." We are of the opinion that the proceedings leading up to the order, and the determination evidenced thereby, cannot be " adequately reviewed by an appeal to a court or to some other body or officer." The appeal given to the county judge by section 84 (2 R. S. [7th ed.], 1246), only authorizes a review of the merits involved in the order. (*People v. Harris*, 63 N. Y., 391.) In the opinion delivered in the case just cited the case of *People v. Cline* (23 Barb., 197), cited to us by the defendants, was referred to and disapproved. We are of the opinion that the relators have the right to review the proceedings of the commissioners by a writ of *certiorari.* (*People v. Harris*, 63 N. Y., 391.)

The case of the *People v. Parker* (12 N. Y. St. Rep., 448) is an authority for holding that, under a writ of *certiorari*, the title to the office of assessors may not be inquired into, even under the act of 1880, chapter 269, as to illegal assessments ; but nothing in the case aids the contention of the defendants here.

(2.) Section 59 (2 Revised Statutes [7th ed.], 1239) requires every person who shall apply for the laying out of a highway through any such land (enclosed, improved or cultivated land), to cause notices in writing to be posted in three of the most public places of the town, specifying, as near as may be, the route of the proposed highway, and the time and place at which the freeholders will meet to examine the ground. Every such notice shall be posted at least six days before the time specified for the meeting of the freeholders.

Chapter 696 of the Laws of 1881 does not in terms repeal or modify section 59 of the Revised Statutes. The petitioner or applicant for the road gave no notice of the time and place of drawing the jury to the commissioners or to the land owner; nor was any notice posted, as required by section 59, of the time and place of the meeting of the jury. The notices given by the town clerk of the time and place of the meeting of the jury contained no specification, as near as might be, of the route of the aforesaid road; it did not in that respect comply with the requirements of section 59; nor was such notice posted up at least six days before the time specified therein for the meeting of the freeholders. The notices were served by depositing the same in the mail addressed to the land owners at Owego, N. Y., with the exception of one addressed to Eugene Ferguson, at Flemingville, N. Y. The post-office address of some of the land owners is Gaskill Corners, Tioga county, N. Y.

Section 62 of the Revised Statutes (page 1241 [7th ed.]), requires the commissioners before they shall determine to lay out the highway, after the certificate is made by a jury, to cause notices in writing to be given to the occupant of the land through which the road is to run of the time and place at which they will meet to decide on the application. The notice is to be served three days before the time of meeting.

The affidavit of John F. Holden, made January 18, 1889, states that the service was made of such notice on the 7th of January, 1889, on "Mary A. Scrafford, by leaving with Etta Ketta, her daughter, at her residence at Owego, N. Y." It does not state that Mary A. Scrafford was absent from her residence. The affidavit does not bring the service within the exceptional provision of section 62.

(3.) The description of the road in the order of the commissioners

is quite different from that found in the application made by Holden on the 24th of November, 1888. While it is not needful to pass upon the power of the commissioners to make such a great departure from the route proposed by the applicant, or from the one stated in the certificate of the jury, it may be observed that such departure seems to be beyond their power. (*People ex rel. Wilkinson* v. *Carmin*, 14 N. Y. St. Rep., 543.) But it is insisted, on behalf of the defendants, that the irregularities have been waived. The return states that, at the time and place that the jury was drawn, " Martin S. Lynch, Esq., counselor-at-law, appeared and claimed to represent the Scraffords mentioned in said proceeding and on the drawing of such jury, and as the names were drawn made objection to several of the jurors whose names were drawn, such objections being allowed." The return also states that he " made an argument before said jury against the necessity of laying out said highway." There is nothing further in the return or other papers before us to indicate that Mr. Lynch had any authority from the land owners to appear for them or to make any waiver of any of the statutory requirements.

The proceedings to lay out a road must comply with the requirements of the statute in respect thereto. We think no such waiver or consent was shown as should be held sufficient to confer jurisdiction and to validate the proceedings. (*People ex rel. Johnson* v. *President, etc., Village of Whitney Point* (32 Hun, 508; S. C., affirmed, 102 N. Y., 81.)

(4.) It seems that Reuben Fraser did not own any lands directly affected by the proceedings brought under review, and that he has no such interest as would authorize him to sue out a writ of *certiorari*. (*People ex rel. Lawrence* v. *Schell*, 5 Lans., 352.) The writ as to Fraser should be quashed, with ten dollars costs. The order of the commissioners of highways is annulled, with fifty dollars costs and disbursements. (Section 2143 of the Code of Civil Procedure.)

MARTIN, J., concurred ; MERWIN, J., concurred in the result.

The writ as to Fraser quashed, with ten dollars costs. The order of the commissioners of highways is annulled, with fifty dollars costs and disbursements. (Section 2143 of the Code of Civil Procedure.)