PEOPLE ex rel. BUSHNELL v. NEWELL et al.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

1. HIGHWAYS (§ 77*)—VACATION—POWER OF COMMISSIONERS.

Laws 1890, p. 1192, c. 568, § 80, amended by Laws 1904, p. 985, c. 387, § 1, authorize the commissioners of highways, on application and with the consent of the town board, to make an order altering "or discontinuing a highway which has become useless since it was laid out," on filing a release from damages from the owners of the property affected, and that the order should be final. *Held* to give the commissioners authority to determine whether a highway had become useless, provided the town board shall have also so determined, and evidenced its determination by consent to the vacation of the highway.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 77.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

:2. HIGHWAYS (§ 77*) — VACATION—DECISION OF COMMISSIONERS—CERTIORARI—QUESTIONS REVIEWABLE.

The order of the commissioners of highways discontinuing a highway, as provided by Laws 1890, p. 1192, c. 568, § 80, amended by Laws 1904, p. 985, c. 387, § 1, being declared to be final, certiorari to review their action brings up the record only to enable the court to determine whether the commissioners acted within authority, and the court cannot review the determination of the question of fact as to whether the highway was useless.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 273; Dec. Dig. § 77.*]

:3. HIGHWAYS (§ 75*)—VACATION—PROCEEDINGS—RELEASE OF DAMAGES.

Under Laws 1890, p. 1192, c. 568, § 80, amended by Laws 1904, p. 985, c. 387, § 1, authorizing the commissioners of highways to discontinue a useless highway on filing with the order a release from damages from the owners of lands affected, only those lands are affected whose owners are entitled to damages, and only those are entitled to damages who own lands through or adjacent to which the discontinued highway ran.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 278; Dec. Dig. § 75.*]

-4. HIGHWAYS (§ 77*)—VACATION—PERSONS ENTITLED TO OBJECT.

Where the line of the south end of a discontinued highway was a part of the north line of a highway adjacent to relator's premises, but no part of the discontinued highway adjoined the premises, his lands were not affected, and he was not entitled to damages for the discontinuance under Laws 1890, p. 1192, c. 568, § 80, amended by Laws 1904, p. 985, c. 387, § 1, and he could not maintain proceedings to review the action discontinuing the highway.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 77.*]

:5. HIGHWAYS (§ 77*)—VACATION—PERSON ENTITLED TO OBJECT.

That relator might have more frequent occasion to use a discontinued highway than persons living at a greater distance therefrom was not such special injury as entitled him to maintain proceedings to review the action of the commissioners discontinuing the road.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 77.*]

Certiorari by the People, on the relation of Clarence J. Bushnell, against Orris Newell and others, individually, and as members of the Town Board of Napoli, to review the proceedings of the commissioner of highways and of the Town Board in discontinuing a highway. Order of the commissioner confirmed, and the writ dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Thomas H. Dowd, for relator.
G. W. Cole, for respondents.

ROBSON, J. The purpose of this proceeding is to procure vacation and annulment of the proceedings of a former town board of the town of Napoli and the then commissioner of highways of said town in and by which a highway of said town was by order of the commissioner discontinued as useless. These proceedings for discontinuance of the highway and the order made therein were taken and made, as it is claimed by respondents, pursuant to the provisions of section 80 of the highway law (chapter 568, p. 1192, of the Laws of 1890, as last amended by chapter 387, p. 985, of the Laws of 1904);

which was in force at the time said proceedings were begun. This section as amended is, so far as material to our present inquiry, as follows:

"Such commissioners of highways may also, upon written application and with the written consent of the town board, make an order laying out or altering a highway, *or discontinuing a highway which has become useless since it was laid out*, in their town, upon filing and recording in the town clerk's office, with such application, consent and order, a release from all damages from the owners of the lands taken or affected thereby, when the consideration for such releases, as agreed upon between such commissioners and owners, shall not in any one case, from any one claimant, exceed one hundred dollars, and from all claimants, five hundred dollars. An order of the commissioners as herein provided shall be final."

The addition of the words italicized in the above quotation constituted the amendment of the section in 1904, above referred to. Prior to that amendment there does not seem to have been any statutory provision authorizing the discontinuance of a highway as useless by order of the commissioners of highways. We are of the opinion that this amendment clothes the commissioners of highways of a town with authority to determine on due application the question whether or not a highway is useless, provided the town board shall have also so determined, and evidenced such determination by its written consent to the discontinuance of such highway.

The record shows that an application was made to the commissioner of highways to discontinue the highway in question, that the town board gave its written consent to such discontinuance, that releases of damages were procured, that the commissioner made an order discontinuing the highway and filed the application, consent, releases, and order in the town clerk's office, and that the same were thereafter recorded therein. It also appears that the uselessness of said highway was considered and determined both by the town board before giving its written consent, and by the commissioner before making the order. It is doubtless true, as relator's counsel suggests, that a proceeding to discontinue a highway under the amended section above quoted, "involves the determination of a question of fact, to wit, whether the highway has become useless." We are, however, precluded from reviewing in this proceeding such determination of fact. The order of the commissioner discontinuing a highway, as provided by the act, being also thereby declared to be final, the writ of certiorari brings up the record of the proceedings, resulting in the order, only for the purpose of enabling this court to determine by examination whether the commissioner acted within his authority in making the order. People ex rel. R. R. Co. v. Betts, 55 N. Y. 600; People ex rel. Seymour v. Canal Board, 7 Lans. 220, 222; People ex rel. Foote v. Dewey, 1 Hun, 529.

Relator insists that the commissioner was not within the limits of his authority in making the order, for the reason that, as is claimed, he failed to procure and file with the order releases of all damages from all the owners of the lands affected by the order, since, as he claims, he is himself the owner of lands affected by the discontinuance of the highway, and has given no release; and that there are other owners similarly situated, from no one of whom has such release been

obtained. Within the meaning of the statute those lands only are affected by the discontinuance of a highway whose owners are entitled to damages for such discontinuance, for it is only from such owners that releases of damages are required by the statute. It appears that releases of damages from all persons owning lands through, or adjacent to, which the discontinued highway extended were procured and duly filed. Such owners are the only persons who are entitled to an award of damages for discontinuance of a highway, as appears from the decisions in kindred cases in which the question of a right to damages for laying out a highway was passed upon. People ex rel. Scrafford v. Stedman, 57 Hun, 280–284, 10 N. Y. Supp. 787; People ex rel. Lawrence v. Schell, 5 Lans. 353; People ex rel. Cronk v. Weld, 6 N. Y. St. Rep. 173. The line of the south end of the discontinued highway is a part of the north line of a highway adjacent to relator's premises; but no part of the discontinued highway adjoins them. He is therefore not the owner of lands so affected by the discontinuance of the highway as to entitle him to damages for discontinuing it. For this reason he is not entitled to maintain this proceeding to review the action of the town authorities in discontinuing the highway. People ex rel. Lawrence v. Schell, supra.

The inconvenience he suffers by reason of the discontinuance comes to him in common with the general public, whose business or pleasure might lead them to continue to use the highway, if it had not been discontinued. His special injury not common to the general public is that he, perhaps, might have more frequent occasion for its use than persons living at a greater distance from it.

The order of the highway commissioner discontinuing the highway confirmed, and the writ dismissed, with $50 costs. All concur.