(69 Misc. Rep. 196.)

### In re DONLEY.

(Supreme Court, Special Term, Yates County. October 24, 1910.)

HIGHWAYS (§ 29*)—ESTABLISHMENT—PETITION TO APPOINT COMMISSIONERS—VALIDITY.

A petition to appoint commissioners to determine the necessity of running a highway connecting two towns in different counties, which failed to show the disagreement of the superintendents of highways of the counties in regard to the matter, did not give the court jurisdiction to appoint the commissioners, as required by Highway Law (Consol. Laws, c. 25) §§ 204, 206, providing that, in case the superintendents of highways shall disagree, then the Supreme Court shall appoint three commissioners.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 29.*]

In the matter of the application of Frank C. Donley to lay out a highway in the town of Italy, Yates county, and the town of Naples, Ontario county, N. Y., and for the assessment of damages therefor. On motion to confirm the report of commissioners. Motion denied.

Huson & Lincoln, for petitioner.

M. A. Leary, for towns of Naples and Italy.

CLARK, J. This is a proceeding to lay out a highway, which would run through two different towns and in different counties. On the 25th day of March, 1910, application in writing was made to the superintendents of highways in the towns of Italy, Yates county, and Naples, Ontario county, for the laying out of a highway through said towns, according to courses, measurements, and surveys fully set forth in the petition; and subsequently, and on or about April 25, 1910, a petition was presented at a Special Term of the Supreme Court for the appointment of three commissioners to determine the necessity of the proposed highway and to assess the damages therefor. On the presentation of that petition three commissioners were appointed by the court, one residing in Ontario county and two residing in the county of Yates, but neither one residing in either of the towns through which the proposed highway would pass; the undertaking as prescribed by law having been presented by petitioner. The commissioners duly qualified by taking the constitutional oath, and notices were served on the superintendents of highways of the respective towns through which the proposed highway was to pass, and also upon the property owners affected, of the time and place of the first meeting of the commissioners, to hear the superintendents and all other persons interested with reference to the merits of the application. At the time and place so appointed for the first hearing of the

commissioners, the petitioner appeared in person and by his counsel, and the town boards of Naples and Italy appeared by counsel, as did also the county superintendents of highways of Yates and Ontario counties. The commissioners thereupon went over the route of the proposed highway, and subsequently the proceedings were adjourned from time to time, and testimony was taken, and finally, on the 1st day of August, 1910, the commissioners made a report certifying to the necessity of the proposed highway, and assessing the damages therefor; and this application is on behalf of the petitioner to confirm the decision of the commissioners. On the hearing of this motion the contestants filed an affidavit of Mr. George R. Granby as to the necessity of the highway; but that affidavit has not been considered on the disposition of this matter.

The towns of Italy, Yates county, and Naples, Ontario county, appeared on this application, by counsel, and objected to the confirmation of the report on various grounds, among the number being the objection that the commissioners had departed from the original route as surveyed, and as described in the petition; also that the commissioners should have been appointed from outside the counties of Yates and Ontario, inasmuch as the proposed highway would run through portions of each of said counties; also that the court never acquired jurisdiction to appoint the commissioners, inasmuch as the petition did not show that the superintendents of highways of the towns through which the proposed highway was to pass had met, after receiving the application, and certified that they could not agree, as required by section 204 of the highway law (Consol. Laws, c. 25). Various other objections were made to the confirmation of the report, but it is not necessary to consider them at this time.

Section 204 of the highway law says, among other things, that:

"When the town superintendent of a town in one county shall differ with the town superintendent of a town * * * in another county relating to the laying out of a new highway * * * which shall extend into both counties, * * * the town superintendents of both towns * * * shall meet on five days' written notice, specifying the time and place within some one of such towns * * * given by either of such town superintendents, * * * to make their determination in writing upon the subject of their differences. If they cannot agree, they or either of them may certify the fact of their disagreement to the county court of that county, if the proposed highway is all in one county, or if in different counties * * * to the Supreme Court. Such court shall thereupon appoint three commissioners, freeholders of the county, not residents of the same town * * * where the highway is located; or if between two counties, then freeholders of another county, who shall take the constitutional oath of office, and upon due notice to all persons interested view the proposed highway. * * * On the coming in of such report the court, may, by order, confirm, modify or set aside the report in whole or in part, and may order a new appraisal by the same or by other commissioners and shall decide all questions that may arise before it. * * *"

Nothing in any of the papers presented at the Special Term of this court when application was made for the appointment of commissioners showed that the town superintendents of highways of the towns of Italy and Naples had met on five days' notice after receiving the application for the opening of the proposed highway, as required by

section 204 of the highway law, and there was nothing in the petition presented to show that the superintendents of highways of said towns, respectively, had taken any action whatever either for or against the laying out of said proposed highway, except the bare statement that said superintendents had "neglected and refused so to do"; but no statement was contained in the petition showing that said town superintendents of highways had ever met or taken any action whatever with reference to the application.

The language of section 204 of the highway law is perfectly plain, and section 206 of said law in no way dispenses with the preliminaries required before application is made to the court for the appointment of commissioners. These two sections must be read together, and section 206 construed in connection with section 204. This proposed highway not only would lie in two different towns, but also in two different counties, and the court had no jurisdiction to appoint commissioners to determine as to its necessity and to assess damages for its construction until it affirmatively appeared, by the petition or otherwise, that the superintendents of the various towns affected by the highway had met and certified to their disagreement. That was a condition precedent to the right of the court at Special Term to appoint the commissioners, and, the meeting of the local superintendents of highways and their certificate of disagreement being jurisdictional in its character, the court acquired no jurisdiction to appoint the commissioners until such meeting had taken place and such certificate had been executed. Matter of Barrett, 7 App. Div. 482, 40 N. Y. Supp. 266.

In this case the papers presented to the Supreme Court when application was made for the appointment of commissioners were absolutely silent on the important question as to whether or not the superintendents of highways of the towns of Italy and Naples had met and certified their disagreement on the proposition of opening this highway. There is nothing in the record to show that such meeting was ever held or certificate made. The action of the superintendents in that regard being jurisdictional in its character, in the absence of proof, either by allegation in the petition or otherwise, that such meeting was held and certificate made, the court was without power to appoint the commissioners, and the case of Matter of Barrett, supra, is absolutely controlling in this matter.

The proceedings having been defective in this regard, it is unnecessary to pass upon the other objections raised by the opponents of the proposed highway.

Motion for confirmation of the report of the commissioners is therefore denied, with costs to be taxed. An order may be entered accordingly.