(96 Misc. Rep. 567)

## CITY OF CORNING v. HOLMES.

(Supreme Court, Special Term, Steuben County. September 15, 1916.)

EMINENT DOMAIN ⬷106—GRADE CROSSING—DAMAGES—STATUTE.

    Under Railroad Law (Consol. Laws, c. 49) § 92, providing for the acquisition of property rights and easements necessary for a change of grade, an owner whose property fronts on the portion of the street affected is entitled, among other damages, to damages sustained during the construction of the improvement, consisting of injuries to his property, not due to the negligence of the contractor, but arising out of the work itself, and damages, except for loss of profits in his business, for interference with its use by interruption of access.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 282–289; Dec. Dig. ⬷106.]

Proceeding by the City of Corning against Anson B. Holmes. On motion to confirm report of commissioners of appraisal. Report set aside, and matter referred to the same commissioners.

The Erie Railroad Company crossed Columbia and First streets in the city of Corning at grade. Proceedings were taken under Railroad Law, §§ 91–94, to determine the necessity for the elimination of the grade crossing and the

construction of an underground crossing in its place. The Public Service Commission determined that such elimination was necessary and that the underground crossing was required. The improvement was constructed, and a claim was then filed by the defendant for damages resulting from the improvement. First street runs east and west; Columbia street, north and south. Defendant's property is situated on the southeast corner of First and Columbia streets. The improvement left his property, which was used as business property, elevated above the street, and cut off access to Columbia street, except by means of a pair of stairs. The grade of First street was not substantially disturbed. An award was made to him of $2,250; but the commissioners of appraisal did not make any allowance for damages for the interruption or loss of business, or for incidental damages sustained while the work was in progress. For these reasons the confirmation of the report of the commissioners, which came up upon this motion, was opposed by defendant.

Justin V. Purcell, of Corning, for plaintiff.
James O. Sebring, of Corning, for defendant.
Cheney, Phillips & Greene, of Hornell, for Erie R. Co.

RODENBECK, J. The common law, in the absence of a statute authorizing it, does not allow damages for a change of grade made pursuant to a lawful authority. Radcliff's Executors v. Mayor, etc., of Brooklyn, 4 N. Y. 195, 53 Am. Dec. 357; Conklin v. N. Y., O. & W. R. Co., 102 N. Y. 107, 6 N. E. 663; Reining v. N. Y., L. & W. R. Co., 128 N. Y. 157, 28 N. E. 640, 14 L. R. A. 133; Rauenstein v. N. Y., L. & W. R. Co., 136 N. Y. 528, 32 N. E. 1047, 18 L. R. A. 768; Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821; Talbott v. N. Y. & Harlem R. R. Co., 151 N. Y. 155, 45 N. E. 382; Fries v. N. Y. & Harlem R. R. Co., 169 N. Y. 270, 62 N. E. 358; Warner v. State, 132 App. Div. 611, 117 N. Y. Supp. 108. Nor does it permit the recovery of consequential damages where a statute does not expressly or by fair implication authorize such damages. Conklin v. N. Y., O. & W. R. Co., 102 N. Y. 107, 6 N. E. 663; Fobes v. R., W. & O. R. R. Co., 121 N. Y. 505, 24 N. E. 919, 8 L. R. A. 453; Muhlker v. N. Y. & Harlem R. R. Co., 173 N. Y. 549, 66 N. E. 558; Smith v. Boston & Albany R. R. Co., 181 N. Y. 132, 73 N. E. 679. The limitation applies to the recovery of profits which might have been made in a business interrupted or affected by the change of grade; such profits being too remote and speculative, and not the natural and reasonable result of the change. Matter of Grade Crossing Com'rs, 17 App. Div. 54, 44 N. Y. Supp. 844; Matter of Dept. of Public Parks, 53 Hun, 280, 6 N. Y. Supp. 750; N. Y. Telephone Co., v. State, 169 App. Div. 310, 154 N. Y. Supp. 1059; Brainerd v. State, 74 Misc. Rep. 100, 131 N. Y. Supp. 221; Sauer v. Mayor, 44 App. Div. 305, 60 N. Y. Supp. 648; Matter of Simmons, 58 Misc. Rep. 581, 109 N. Y. Supp. 1036; Joyce on Damages, § 2193; Lewis on Eminent Domain, par. 727; 15 Cyc. 733.

But a statute which provides for the acquisition by purchase or condemnation of any "lands, rights or easements" necessary (Railroad Law, § 92), and provides that no claim for "damages" to property on account of the change shall be allowed, unless notice of such claim is filed (Id. § 94), is sufficiently broad to permit of a recovery of damages

for a change of grade, including the recovery of (a) damages, excluded by the commissioners in this case and conceded upon the argument, occasioned during the progress of the work, not due to the negligence of the contractor, but arising from the nature of the work itself; and (b) damages due to interruption of use due to interference with access, except loss of profits. O'Brien v. N. Y. C. & H. R. R. R. Co., 148 App. Div. 733, 133 N. Y. Supp. 322; Matter of Grade Crossing Com'rs, 154 N. Y. 550, 49 N. E. 127; Matter of Grade Crossing Com'rs, 52 App. Div. 27, 64 N. Y. Supp. 769, affirmed 165 N. Y. 605, 58 N. E. 1088. The provision of the charter of the city of Corning in cases of change of grade allows compensation to persons "damaged by the regrading" and accords with the construction of the Railroad Law City Charter, § 122.

There is no reason for giving either of these statutes a construction which will prevent the recovery of damages which are the natural and reasonable result of the improvement. The Railroad Law refers, not merely to property, but "rights" and "easements" that are necessary. The right of access to property and the right to freedom from damage in the course of the construction of an improvement are rights of property which are covered by the language of the statute. There is no reason for placing a construction upon the statute which will make it necessary for defendant to contribute toward the improvement in excess of other taxpayers, merely because he happens to own property affected by the improvement. The interruption of access during the improvement is quite as much an interference with property rights as the permanent interference by the completed improvement. So the right to jar the building or otherwise injure it as a result of the construction of the improvement, and not by reason of any negligence of the contractor, is an interference with property for which compensation should be made. It is not just compensation under the Constitution to eliminate these items of damage, for they may constitute a serious injury and loss to the property owner.

The property rights and easements contemplated by the statute, however, do not include the loss of profits to the business, either during the construction of the work or after the completed improvement, for they are not the natural and reasonable results of the improvement and may be obviated by a change of location. It is harsh to compel the owner of property to remove his business, but it is a reasonable theory of the law that a loss of profits would not be sustained if he did so remove and located at another point. Where such a removal is necessary, the reasonable difference in rental may be recovered during the construction of the improvement. Likewise any depreciation of rental value of the property affected during the construction of the work is an item to be considered. There is no necessity for too strict a construction of the statute to relieve the public at the expense of the individual. The language of the Constitution and that of the state should be given a liberal construction, so as not unnecessarily to cause a loss to private parties to the financial advantage of the general public, and the doctrine of damnum absque injuria in the case of public improvements should be restricted rather than enlarged in its appli-

cation. In the absence of any precedent, controlling upon the court, construing the statutes involved, a construction should be given to them sufficient to cover the items of damage referred to.

The report of the commissioners of appraisal is therefore set aside, and the matter is referred back to the same commissioners, with the costs of this motion.