CITY OF CORNING, Appellant, *v.* JOHN E. O'NEILL, Respondent.

Fourth Department, November 21, 1917.

Railroad — change of grade in public highway — right of abutting owner to damages under Railroad Law, section 92 — damage where grade is changed or street closed at point not in front of premises.

While at common law an abutting owner is not entitled to recover damages to his premises resulting from a change of grade in a public highway, it is competent for the Legislature to provide for such compensation.

While the right of access of an abutting owner to his premises is covered by section 92 of the Railroad Law, a mere change of grade of a street or closing it altogether at some point not in front but beyond the premises, does not entitle said owner to damages.

Hence, where a dangerous crossing has been eliminated and a lot owner is given an improved street in its place, and his premises are south of and adjoin the right of way of the railroad company, and the street facilities are better and safer, although it is a little farther from the premises of said owner, he is not entitled to damages.

APPEAL by the plaintiff, City of Corning, and by the Erie Railroad Company and Public Service Commission, Second District, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Steuben on the 3d day of October, 1916, sustaining exceptions to the · report of the commissioners herein, setting aside said report and referring back the same to the commissioners.

The opinion of the Special Term is reported in *City of Corning* v. *O' Neil* (96 Misc. Rep. 571).

*Justin V. Purcell,* for the plaintiff, appellant.

*Charles D. Newton* and *Floyd G. Greene,* for the appellant Erie Railroad Company.

*Ledyard P. Hale,* for the appellant Public Service Commission, Second District.

*James O. Sebring,* for the respondent.

KRUSE, P. J.:

While at common law an abutting owner is not entitled to recover damages to his premises resulting from a change of grade in a public highway, it is undoubtedly competent for the Legislature to provide for such compensation.

Section 92 of the Railroad Law, for the purpose of carrying out the provisions of the Railroad Law for avoiding and eliminating grade crossings, provides for acquiring lands, rights or easements by condemnation. (Consol. Laws, chap. 49 [Laws of 1910, chap. 481], § 92, as amd. by Laws of 1913, chap. 744.)

In *Smith* v. *Boston & Albany Railroad Company* (181 N. Y. 132) Judge HAIGHT reached the conclusion that under a

fair and reasonable construction of this statute the Legislature contemplated the acquiring of easements which would necessarily be destroyed by the construction of the improvement, stating that if the improvement is of such a character as to necessitate the destruction of the easements of abutting owners of access it is apparently one of the rights contemplated by the statute; and further pointed out that when a remedy is given by statute, where none existed at common law, the statute becomes exclusive and must be followed, and that where the right of instituting condemnation proceedings rests in a town, and the town refuses to institute the same, the owner has a remedy, through the writ of mandamus, to compel the proper officers to take the necessary steps to acquire such easements. While that declaration was perhaps unnecessary to the decision, it was evidently made after careful consideration. Three members of the court concurred in this opinion; the others declined to express an opinion upon that subject. But, as will be seen presently, the opinion was finally adopted by the Court of Appeals.

In *People ex rel. Dole* v. *Town Board of Town of Hamburg* (127 App. Div. 948; 193 N. Y. 614) such an order was made at Special Term, directing that such a mandamus issue. The order was affirmed by this court and in the Court of Appeals. The Court of Appeals placed its affirmance on the opinion of Judge HAIGHT in the *Smith* case.

The case of *People ex rel. Dawson* v. *Duffey* (177 App. Div. 949) was a similar proceeding. An order was made at Special Term directing a peremptory mandamus to compel the State Commissioner of Highways to take proceedings to acquire, by condemnation, the rights and easements of the relator, an abutting landowner, to carry out the provisions of the Railroad Law in eliminating a grade crossing over the railroad tracks. We affirmed that order upon the authority of the *Dole* case, and the Court of Appeals affirmed the order July 11, 1917, without opinion. (221 N. Y. 594.)

While we are of the opinion that the right of access of an abutting owner to his premises is covered by the statute, we do not think that the mere change of grade of a street, or closing it altogether at some point not in front, but beyond the premises, entitled him to damages.

A similar question arose in a recent case in this court, where lands were acquired by a railroad company for a station, and it became necessary to close a part of a street in the city of Rochester. We there held that lotowners abutting upon the part not discontinued were not entitled to damages for closing the street beyond their premises where they were furnished an improved street, by which, in comparatively short distances, they were able to reach street car lines running to the center of the city. We reached the conclusion there that their street facilities had been improved rather than impaired. (*Matter of Joiner Street [City of Rochester]*, 177 App. Div. 361.)

That, I think, is the situation here. A dangerous crossing has been eliminated and the defendant is given an improved street in its place. The defendant's premises are south of and adjoin the right of way of the railroad company. This street, Columbia street, formerly extended over the railroad tracks and intersected First street just north of the tracks. First street was carried under the railroad tracks and a new improved street from Columbia to First street, intersecting the latter street just south of the railroad, was provided as a part of the grade crossing improvement. While it is a little farther from the premises to the intersection of Columbia street and First street, the street facilities are better and safer.

Columbia street was closed across the railroad track, but it was not closed or any change of grade made in front of the defendant's premises. If there was any obstruction at all at that point it was merely temporary while the work was in progress. And that, we may fairly assume, was taken into account by the commissioners, because all of the proof upon that subject, so far as we are able to discover, was received by the commissioners. Indeed, we think there was little, if any, substantial impairment of the defendant's right of access to the premises, even of a temporary nature.

While the award is small, we are convinced that it fully compensates the defendant for all legal damages to which he is entitled.

The order should be reversed, with ten dollars costs, the report of the commissioners confirmed, and the proceeding

remitted to the Special Term to determine the question of costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, report of commissioners confirmed, and proceeding remitted to the Special Term to determine the question of costs.