458      CITY OF CORNING *v.* HOLMES.

remitted to the Special Term to determine the question of costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, report of commissioners confirmed, and proceeding remitted to the Special Term to determine the question of costs.

---

CITY OF CORNING, Appellant, *v.* ANSON B. HOLMES, Respondent.

Fourth Department, November 21, 1917.

**Railroad — grade crossing improvement — damages — loss of profits of business — incidental damages during progress of work.**

Damages for loss of profits of business from a grade crossing improvement are too remote and not recoverable by an abutting owner.

But incidental damages while the work was in progress should be allowed.

APPEAL by the plaintiff, City of Corning, and by the Erie Railroad Company and Public Service Commission, Second District, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Steuben on the 3d day of October, 1916, sustaining exceptions to the report of the commissioners herein, setting aside said report and referring back the same to the commissioners.

*Justin V. Purcell,* for the plaintiff, appellant.

*Charles D. Newton* and *Floyd G. Greene,* for the appellant Erie Railroad Company.

*Ledyard P. Hale,* for the appellant Public Service Commission, Second District.

*James O. Sebring,* for the respondent.

KRUSE, P. J.:

This appeal grows out of the same grade improvement as is involved in the *O' Neill* case, herewith decided. (*City of*

*Corning* v. *O'Neill,* 180 App. Div. 454.) It is unlike that case in some of its aspects.

In this case it appears that the premises are located north of the railroad tracks, having a frontage on Columbia street, also on First street. The grade crossing improvement undoubtedly impairs the right of access to the defendant's premises from First street. The grade of the street is depressed several feet below what it was before the improvement was made.

The defendant resisted the confirmation of the commissioners' report in this case, as in the *O'Neill* case, contending that the commissioners did not make any allowance for damages for interruption or loss of business, or for incidental damages sustained while the work was in progress. The Special Term held, and correctly, as we think, that the damages for loss of profits of the business were too remote and not recoverable, but that the incidental damages while the work was in progress should have been allowed. (96 Misc. Rep. 567.)

It is stated in the opinion of the learned justice at Special Term that no allowance was made therefor. We are unable to discover from the record before us, aside from this statement, that the commissioners did not make allowance for all legal claims sustained to the defendant's rights, whether of a permanent or of a temporary character. The evidence upon the subject of loss in rental values while the work was in progress was received, and presumably considered, by the commissioners. There is nothing in their report, or in any of the proceedings, so far as we can discover, which indicates that they did not.

After a careful consideration of the record we are satisfied that the award was adequate and covers all his legal damages. The order should, therefore, be reversed, with ten dollars costs and disbursements, the report confirmed, and the proceeding remitted to the Special Term to determine the question of costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, report of commissioners confirmed, and proceeding remitted to the Special Term to determine the question of costs.