In the Matter of the CITY OF MOUNT VERNON, Appellant. JAMES ARENA et al., Doing Business under the Name of FLEETWOOD AUTO SERVICE, Respondents, et al., Defendants.— Sublessees of certain gasoline station and parking lot premises vacated the leased premises on September 13, 1948, because of a temporary obstruction of access caused by the progress of the work of street widening and change of grade directed by appellant. In this proceeding to determine the amount of damages suffered by the owner, lessees, and sublessees, the claims of the owner and lessees were settled. The Official Referee, to whom the matter was referred to hear and determine, found that the obstruction of access justified the sublessees' abandonment of the premises and termination of the lease which ran until January 31, 1953, with an option to renew until October 31, 1957, and that damages should be measured by the value of the unexpired term, including the renewal term, less the reserved rent, which excess was found to be $8,500. Judgment reversed on the law, with costs to appellant, and matter remitted to Special Term for rehearing. If respondents had continued in possession of the premises, they would have been entitled to recover the difference between the value of the leasehold before and immediately after the improvement together with incidental damages during the course of the work. (*Iron City Automobile Co.* v. *City of Pittsburgh*, 253 Pa. 478; *City of Corning* v.

*Holmes,* 180 App. Div. 458, affd. 227 N. Y. 624.) In our opinion, respondents should not recover any greater amount merely because they exercised the option of terminating their sublease on September 13, 1948. Johnston, Acting P. J., MacCrate and Schmidt, JJ., concur; Adel and Wenzel, JJ., concur in the reversal of the judgment but dissent as to the remission for rehearing and vote to grant judgment in favor of appellant. It is apparent on this record that the respondents, in no event, can establish any substantial damages to them by reason of the change of grade.