Howard A. Zeller, J.
The petitioners, Jeril and Alta Benedict, by this proceeding request this court to set aside and annul a determination of the Town of Baton Highway Superintendent closing a portion of a town road. The town officials named as respondents ask that the Benedicts’ petition be dismissed as a matter of law.
The town road in question runs generally westerly from State Highway Route 12B in the Town of Madison to County Highway No. 85 in the Town of Baton. The portion of the town road which has been abandoned lies entirely within the Town of Baton. The Benedicts’ own real property lies at the northwest corner of the intersection of the town road and Route 12B. Their property is entirely in the Town of Madison and no part of it abuts on the discontinued portion of the town road.
By a written application dated September 29, 1960, Llewellyn L. Lamb, Sr., and other Lambs requested the Town of Eato'n Highway Superintendent to discontinue as useless a portion of the town road running through their farm. On November 7, 1960, the respondent American Management Association, Inc., joined in the application, reciting that it desired to purchase the Lamb farm to construct thereon a landing strip for airplanes. On November 10, 1960, the Town of Eaton Highway Superintendent ordered the portion of the town road running through the Lamb farms “ discontinued as useless ”. The Town Board of the Town of Baton consented to the order.
The Benedicts seek to set the determination aside on the grounds that (1) the determination unconstitutionally deprives petitioners of their property without due process of law, (2) that it is illegal to discontinue a portion of a road connecting a county and a State highway, (3) “respondents did not comply with Section 171 of the Highway Law in that they could not make a finding and determination that the highway was useless and discontinued ”, (4) respondents failed to obtain “ consents of all property owners along said Town Highway ”, in particular that *652 of petitioners, and (5) that the consents to the determination of the Superintendent of Highways of the Town of Eaton given by the Town of Madison Superintendent of Highways and the Town Board were illegal as they are without authority to grant such consent.
The applicable portion of subdivision 2 of section 171 of the Highway Law states that a Town Highway Superintendent may, I ‘ upon written application and with the written consent of the town board, make an order * * * discontinuing a highway, which has become useless * * * upon filing and recording * * * with such application, consent and order, a release from all damages from the owners of lands taken or affected thereby * * *. An order of the town superintendent, as herein provided, shall be final ’ ’.
As no part of the Benedicts’ property immediately adjoins, abuts, or is contiguous to the discontinued portion of the town road, they are “not the owner[s] of lands so affected by the discontinuance of the highway as to entitle [them] to damages for discontinuing it. For this reason [they are] not entitled to maintain this proceeding to review the action of the town authorities in discontinuing the highway.” (People ex rel. Bushnell v. Newell, 131 App. Div. 555, 558; Cities Serv. Oil Co. v. City of New York, 5 N Y 2d 110, cert, denied 360 U. S. 934; Lange v. State of New York, 133 Misc. 101.)
The Benedicts have access to their property from Route 12B and from the adjacent and unclosed portion of the town road. As they had no interest or right, as property, in the discontinued section of the road, no property right of these petitioners could have been invaded. Any damages suffered by petitioners are entirely indirect and remote, so their consent was unnecessary to this discontinuance. (Cities Serv. Oil Co. v. City of New York, supra, pp. 116-117, cert. denied 360 U. S. 934; City of Corning v. O’Neill, 180 App. Div. 454, affd. 227 N. Y. 625; Reis v. City of New York, 188 N. Y. 58; Matter of Joiner St. [City of Rochester], 177 App. Div. 361; People ex rel. Bushnell v. Newell, supra; Lange v. State of New York, supra.)
But the Benedicts contend that being located on a remaining and open portion of the town road makes them landowners affected by this discontinuance. In Matter of Joiner St. (City of Rochester) (supra, p. 367) the court stated on this point, II we must keep steadily in mind the difference between the rights of the abutter in the space designated as a street immediately in front of his lot and his right of way beyond that space ”, and concluded that mere inconvenience common to the general public who might use a road if it were not discontinued gives *653 no right of action for damages. (People ex rel. Bushnell v. Newell, supra, p. 558.)
‘6 Within the meaning of the statute those lands only are affected by the discontinuance of a highway whose owners are entitled to damages for such discontinuance; for it is only from such owners that releases of damages are required by the statute.” (People ex rel. Bushnell v. Newell, supra, p. 558; Reis v. City of New York, supra, pp. 67-68.)
There is no merit to the contention that it is illegal to discontinue a portion of a connecting road. The Legislature has not restricted closing to the entire length of a connecting road.
It appears from the petition itself that the discontinuance procedure followed here by the Superintendent of Highways and the Town Board of the Town of Baton was substantially in accord with and within the authority of the provisions of section 171 of the Highway Law.
The Benedicts contend that the prompting motive to the discontinuance is to further a private interest. However, the matter of motives is not reviewable by this court in this proceeding. In this proceeding, the test is purely one of the regularity of the steps followed in determining the uselessness of the road abandoned. (Matter of McFadden, 96 App. Div. 58, 60; see Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 386.) That an abandoned roadbed usually devolves to private use and benefit has long been recognized by the courts of this State as a generally non-actionable and usual result of its discontinuance. (Matter of City of New York [Gillen Place], 304 N. Y. 215, 221.)
One further argument of the Benedicts is that section 186 of the Highway Law was not here followed, as that statute requires concurrent proceedings of discontinuance in all towns through which a highway passes when a portion of such highway in one town only is sought to be discontinued. Bead in full context and with specific reference to section 184 of the Highway Law and other immediately surrounding statutes (Matter of Donley, 69 Misc. 196), section 186 only applies when the discontinued portion of the highway lies in two or more towns, and provides a procedure for an allocation of payment of damages between or among the towns subject to claims for damages arising from a discontinuance. The questioned legality of the acts of the Town of Madison Highway Superintendent and its Town Board in consenting to discontinuance of a portion of the town road in the Town of Baton is neither pertinent to nor determinative of the issues in this case. At most, such acts were innoccuous gratuities in no way affecting the legality of the acts of the Town of Baton officials.
*654 Greene v. Goodwin Sand & Gravel Co. (72 Misc. 192) is relied upon strongly by the Benedicts. Not only is that case not directly in point here, but it clearly recognizes that courts ordinarily will not inquire into discretionary legislative acts of town officers when they have acted within the frame work of law. (People ex rel. Bushnell v. Newell, 131 App. Div. 555, supra; see Kaskel v. Impelliteri, 306 N. Y. 73, cert. denied 347 U. S. 934; Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 388-391, supra.)
The petition does not state facts sufficient to entitle the Benedicts to the relief they seek in this proceeding brought pursuant to article 78 of the Civil Practice Act.
Respondents’ motion to dismiss the petition as a matter of law should be granted.